UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WRIGHT WAY CAPITAL,

    Plaintiff,

    v.                                                                          Case No. 22-CV-1032

ERIC CARVER and
UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN,

    Defendants.

---

WRIGHT WAY CAPITAL,

    Plaintiff,

    v.                                                                              Case No. 22-CV-1063

JESSICA A. VLASSEMAN and
UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN,

    Defendants.

---

## ORDER

Wright Way Capital filed two non-earnings garnishment actions against defendants Eric Carver and Jessica A. Vlasseman in Washington County Circuit Court and Milwaukee County Circuit Court, respectively. In each action, Wright Way Capital named the United States Bankruptcy Court for the Eastern District of Wisconsin as the garnishee. Defendant Bankruptcy Court removed both actions to federal court and moved to dismiss in each case on the grounds of sovereign immunity and that pursuant to 28 U.S.C. § 2042, the proper

procedure for Wright Way Capital to seek release of unclaimed funds held by the Bankruptcy Court is to file a petition with the Bankruptcy Court, not to pursue a state small claims garnishment action.

In its motion to dismiss pleadings, the Bankruptcy Court noted that Wright Way Capital was proceeding *pro se* in state court. Thus, upon removal to federal court, Wright Way Capital does not have an attorney of record. In federal court, however, business organizations, whether a corporation, partnership, or limited liability company, are <u>not</u> permitted to litigate *pro se*. *1756 W. Lake St. LLC v. Am. Chartered Bank*, 787 F.3d 383, 385 (7th Cir. 2015); *Kipp v. Royal & Sun All. Pers. Ins. Co.*, 209 F. Supp. 2d 962, 962–63 (E.D. Wis. 2002). They *must* appear in federal court through licensed counsel. *Id.*

As such, to the extent Wright Way Capital intends to respond to the Bankruptcy Court's motions to dismiss in each action, it *must* respond through a licensed attorney. Failure to respond through a licensed attorney will result in dismissal of plaintiff's actions. Thus, Wright Way Capital has until **October 7, 2022** to have an attorney enter an appearance on its behalf and to respond, through counsel, to defendant's motions to dismiss.

**SO ORDERED** this 16th day of September, 2022 at Milwaukee, Wisconsin.

BY THE COURT

*Nancy Joseph*
_____
NANCY JOSEPH
United States Magistrate Judge