# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

WRIGHT WAY CAPITAL,

    Plaintiff,

    v.                                          Case No. 22-CV-1032

ERIC CARVER and
UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN,

    Defendants.

---

WRIGHT WAY CAPITAL,

    Plaintiff,

    v.                                            Case No. 22-CV-1063

JESSICA A. VLASSEMAN and
UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN,

    Defendants.

---

## REPORT AND RECOMMENDATION TO DISMISS
## FOR FAILURE TO PROSECUTE[1]

---

Wright Way Capital filed two non-earnings garnishment actions against defendants Eric Carver and Jessica A. Vlasseman in Washington County Circuit Court and Milwaukee County Circuit Court, respectively. In each action, Wright Way Capital named the United States Bankruptcy Court for the Eastern District of Wisconsin as the garnishee. Defendant

---

[1] Because not all defendants have appeared and had an opportunity to consent to or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the dismissal of these complaints. *See Coleman v. Labor and Indus. Rev. Comm'n*, 860 F.3d 461 (7th Cir. 2017).

Bankruptcy Court removed both actions to federal court and moved to dismiss in each case on the grounds of sovereign immunity and that pursuant to 28 U.S.C. § 2042, the proper procedure for Wright Way Capital to seek release of unclaimed funds held by the Bankruptcy Court is to file a petition with the Bankruptcy Court, not to pursue a state small claims garnishment action.

In its motion to dismiss pleadings, the Bankruptcy Court noted that Wright Way Capital was proceeding *pro se* in state court. Thus, upon removal to federal court, Wright Way Capital did not have an attorney of record. In an Order dated September 16, 2022, I informed Wright Way Capital that business organizations, whether a corporation, partnership, or limited liability company, are <u>not</u> permitted to litigate *pro se* in federal court—they *must* appear in federal court through licensed counsel, citing *1756 W. Lake St. LLC v. Am. Chartered Bank*, 787 F.3d 383, 385 (7th Cir. 2015); *Kipp v. Royal & Sun All. Pers. Ins. Co.*, 209 F. Supp. 2d 962, 962–63 (E.D. Wis. 2002). (Docket # 7 in Case No. 22-CV-1032; Docket # 6 in Case No. 22-CV-1063.) Wright Way Capital was given until October 7, 2022 to have an attorney enter an appearance on its behalf. (*Id.*) Wright Way Capital was instructed that to the extent it intends to respond to the Bankruptcy Court's motions to dismiss in each action, it *must* respond through a licensed attorney. (*Id.*) Wright Way Capital was warned that failure to respond through a licensed attorney would result in dismissal of its actions. (*Id.*)

To date, no attorney has entered an appearance on Wright Way Capital's behalf, nor has Wright Way Capital responded to the Bankruptcy Court's pending motions to dismiss. Given the Court's prior warning and Wright Way Capital's failure to respond, it appears that Wright Way Capital does not intend to prosecute these cases further. Thus, I recommend that these actions be dismissed for failure to prosecute.

Therefore, **IT IS HEREBY RECOMMENDED** that Wright Way Capital's two cases be **DISMISSED** for failure to prosecute.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen (14) days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the court in writing.

Dated this 14th day of October, 2022 at Milwaukee, Wisconsin.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge